# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

|                           |   |                              |
|---------------------------|---|------------------------------|
| PAULINE STRICKER WYSS,    | ) |                              |
| Plaintiff,                | ) |                              |
| v.                        | ) | Case No. 4:19-CV-00109-NCC   |
| WENDY H. KOWALIK,         | ) |                              |
| Defendant.                | ) |                              |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Pauline Stricker Wyss' Motion for Remand (Doc. 8) and Defendant Wendy H. Kowalik's interrelated Amended Rule 41(d) Motion (Doc. 17).[1] The Motions are fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 8). For the following reasons, Plaintiff's Motion will be **GRANTED** and Defendant's Motion will be **DENIED**.

## I. Background

Plaintiff Pauline Stricker Wyss ("Plaintiff") originally filed this action for conversion (Count I), unjust enrichment (Count II) and money had and received (Count III) against Defendant Wendy H. Kowalik ("Defendant") on October 9, 2018, in Phelps County Circuit

---

[1] Defendant filed her original Rule 41(d) Motion on March 7, 2019 (Doc. 15). In her Motion, defense counsel indicates that, at the time of filing, he was traveling and apologized for any irregularities with the filing (*Id.* at 3). On March 12, 2019, Plaintiff timely responded, noting, in part, that Defendant failed to attach any of the exhibits referenced in her Motion (Doc. 16). The next day, Defendant filed a Motion indicated on the docket as a "First Motion to Amend/Correct" her first Rule 41(d) Motion which was, in actuality, Defendant's original Motion with the exhibits now attached (Doc. 17). The Court will, therefore, deny the original Motion (Doc. 15) as moot but treat Plaintiff's response to the original Motion as her response to the Amended Motion.

Court (Doc. 1-1). Plaintiff, wife of decedent John Lewis Wyss ("decedent"), alleges that Defendant, granddaughter of decedent and the executor of his estate, transferred to Plaintiff ownership of a bank account ("Account") at decedent's instructions and during his lifetime. As a part of the transfer, Defendant remained as an authorized signer on the Account. During the time Plaintiff was the sole owner of the Account, Defendant withdrew approximately $38,218.98.

On November 25, 2018, Defendant removed the original petition to this Court and the case was randomly assigned to the undersigned. *See Wyss v. Kowalik,* No. 4:18-CV-01970-NCC. On December 19, 2018, Plaintiff filed a Voluntary Dismissal Without Prejudice in the original case (Doc. 1-2). That same day, Plaintiff filed a second petition in Phelps County Circuit Court in which she raises the same claims but has modified her prayer for relief under each count to request the court award damages that "do not bring the total award in this matter to an amount greater than $74,999.99," punitive damages, reasonable costs, as well as other and further relief the Court deems just and proper (Doc. 3). Plaintiff personally signed the petition (*Id.* at 6).

Defendant timely removed the second petition to this Court on January 25, 2019, based on diversity jurisdiction (Doc. 1). On February 15, 2019, Plaintiff filed a Motion for Remand in which Plaintiff asserts the amount in controversy is not met because Plaintiff alleges that Defendant wrongfully took $38,218.98 from Plaintiff's bank account, a number well below the jurisdictional threshold (Doc. 6). Plaintiff further argues that she expressly limited her award of damages in the petition which is personally signed by Plaintiff (*Id.*). Plaintiff also requests $1,542.00 in attorney's fees incurred in connection with seeking remand in this case (*Id.* at 6). Plaintiff concurrently filed a "Motion for Hearing if Court Deems Necessary" in which Plaintiff requests a hearing on the Motion to Remand if the Court does not intend to rely solely on written pleadings (Doc. 7). In response to the Motion for Remand, Defendant argues that Plaintiff's

pleadings are contradictory and, while they appear to limit damages to $74,999.99, Plaintiff seeks punitive damages which, under Missouri law, allows for five times the judgment up to $500,000 (Doc. 12). Defendant also asserts that Plaintiff's request for variances of the traditional "other and further relief the Court deems just and proper" included in Plaintiff's prayers for relief under each Count would necessarily result in an additional award greater than the two cents to overcome the jurisdictional threshold (*Id.*).

While Plaintiff's Motion to Remand was pending, Defendant filed a Rule 41(d) Motion (Doc. 17). In her Motion, Defendant asserts that, pursuant to Federal Rule of Civil Procedure 41(d), she is entitled to costs for litigating the prior action and the Court should stay the current matter until she is paid because Plaintiff "clearly and in bad faith dismissed the previous suit not to end the matter, but only in an attempt to avoid federal jurisdiction and review" (Doc. 17). Plaintiff responds that limiting her damages to avoid federal jurisdiction is not, in itself, improper (Doc. 16).

## II. Analysis

### A. Motion for Remand

Federal courts have original jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Where a complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009); *In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003). "To meet this burden, the defendant must present some specific facts or evidence." *Harris v. Transamerica Life Ins. Co.*, 2014 WL 1316245, at *1 (E.D. Mo. Apr. 2, 2014) (internal quotation marks omitted). Once the removing party has established by a preponderance of the evidence that the jurisdictional

minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount. *Green v. Dial Corp.*, 2011 WL 5335412, at *1 (E.D. Mo. Nov. 4, 2011) (citing *Bell*, 557 F.3d at 956). Doubts concerning federal jurisdiction are resolved in favor of remand. *Bell*, 557 F.3d at 956.

Defendant has failed to establish by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000. On the face of the petition, Plaintiff limits the amount of recoverable damages to $74,999.99, an amount under the jurisdictional minimum. Defendant asserts that with "other and further relief" and punitive damages the jurisdiction threshold is met. Defendant fails to cite any authority supporting its assertion that the Court should consider the "other and further relief" language in its calculation of the jurisdictional amount. Regardless, such language is insufficient to meet Defendant's burden. *See Ahmed v. GCA Prod. Servs., Inc.*, 249 F.R.D. 322, 324 (D. Minn. 2008) *and Chief Indus., Inc. v. Campus Lofts, Inc.*, No. 8:05CV167, 2005 WL 3508456, at *4 (D. Neb. Dec. 22, 2005) (both rejecting similar arguments). Additionally, "[w]hile punitive damages are included in the amount in controversy, the existence of the required amount must be supported by competent proof." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 348 (8th Cir. 2007). "Indeed, when determining the amount in controversy, a claim for punitive damages is to be given closer scrutiny, and the trial judge accorded greater discretion, than a claim for actual damages." *Kina v. Mindland Funding, LLC*, No. 4:15-CV-00950 ERW, 2015 WL 5487357, at *2 (E.D. Mo. Sept. 16, 2015) (citing *Larkin v. Brown*, 41 F.3d 387, 389 (8th Cir. 1994)). Here, Plaintiff has made only conclusory allegations concerning the Defendant's conduct for punitive damages, so the Court has no way, based on the state court petition, to determine whether a reasonable fact finder might conclude that punitive damages are applicable. Further, Defendant has not provided any evidence in support of her

4

assertion. Such speculation is insufficient to meet the defendant's burden of proof under the preponderance of the evidence standard.

The Court has also considered plaintiff's request for attorney's fees incurred in connection with seeking remand of this case. When remanding an action to state court, a district court may require defendants to pay just costs and actual expenses that a plaintiff has incurred as a result of improper removal. 28 U.S.C. § 1447(c). An award of costs and fees under § 1447(c) depends on the reasonableness of the removal. *Convent Corp. v. City of North Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Nevertheless, district courts "retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.* In determining whether the removing party lacked an objectively reasonable basis for seeking removal, the Court does not consider the removing defendant's motive, but instead must consider "the objective merits of removal at the time of removal, irrespective of the ultimate remand." *Convent*, 784 F.3d at 483; *Nguyen v. Outfield Brewhouse*, LLC, No. 4:17-CV-00973-JAR, 2017 WL 3085325, at *3 (E.D. Mo. July 19, 2017).

While this case presents a close question, the Court finds that fees are not warranted because Defendant had an objectively reasonable basis for seeking removal of this case, at least with respect to diversity jurisdiction under 28 U.S.C. § 1332. While the Court was ultimately not persuaded by Defendant's arguments that "other and further relief" and punitive damages could exceed the jurisdictional threshold, Defendant did have an objectively reasonable basis for removal for purposes of determining whether Plaintiff should be awarded attorney's fees.

Finally, in light of the Court's determination remanding this action, Plaintiff's Motion for Hearing will be denied.

**B. Amended Rule 41(d) Motion**

Federal Rule of Civil Procedure 41(d) provides:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d). The purpose of this rule is deter forum shopping and vexatious litigation. *Kent v. Bank of Am., N.A.*, 518 F. App'x 514, 516 (8th Cir. 2013) (citing *Simeone v. First Bank Nat'l Ass'n*, 971 F.2d 103, 108 (8th Cir.1992)). To obtain an award under Rule 41(d), "the moving party need only establish that: (1) a plaintiff's previous action was dismissed; (2) a second action was commenced that is based upon or includes the same claim against the same defendant; and (3) there are costs and attorneys' fees incurred by the defendant in the prior action that will not be useful in the newly-filed litigation." *Wise v. HSBC Mortg. Corp.*, No. 4:15-CV-911, 2015 WL 6796955, at *2 (E.D. Mo. Nov. 6, 2015). However, "[i]f it appears that there was a good reason for the dismissal of the prior action or that the plaintiff financially is unable to pay the costs," a court need not require payment of costs and attorney's fees. 9 Charles Alan Wright et al., Federal Practice and Procedure § 2375 at 772 (3d ed. 1998).

The Court finds that the circumstances of this case do not warrant the award of costs under Rule 41(d). The original case, filed in October 2018 and voluntarily dismissed from this Court in December 2018, was not pending for a significant period of time. Plaintiff reasonably, and promptly, reacted to the issue of subject matter jurisdiction by dismissing her prior action, modifying her petition, and refiling suit in state court. *CIVCO Med. Instruments Co. v. Protek Med. Prod., Inc.*, 231 F.R.D. 555, 564 (S.D. Iowa 2005) (finding an award of attorney fees and

6

costs unwarranted where case was pending for only two months and plaintiff "reacted reasonably quickly and efficiently" when faced with a motion to dismiss for lack of personal jurisdiction by conducting brief jurisdictional discovery, negotiating a voluntary dismissal, and refiling the case in the proper forum). While Plaintiff's current petition is nearly identical to her original petition, the modifications are significant because they address this Court's jurisdiction. *Cf. Robinson v. Bank of Am., N.A.*, 553 F. App'x 648, 652 (8th Cir. 2014) (upholding district court's award of costs under Rule 41(d) when plaintiffs filed a "virtually identical" complaint in state court on the same day as they dismissed the case in federal court and noting that plaintiffs could have sought to amend the original complaint). Further, much of the work Defendant expended in the prior litigation was useful in the current action as Defendant again removed the action and, in so doing, filed a similar notice of removal. Finally, there is no suggestion from the record that Plaintiff is forum shopping as contemplated under the rule. *Cf. Siepel v. Bank of Am., N.A.*, 239 F.R.D. 558, 564 (E.D. Mo. 2006) (finding an award of Rule 41(d) costs appropriate in part because plaintiffs were forum shopping when plaintiffs filed numerous cases, voluntarily dismissed them in order to avoid court-imposed deadlines and unfavorable rulings, and reasserted the dismissed claims in the case before the court). *See also cf. Kent*, 518 F. App'x at 517 (internal quotation marks and citations omitted) (affirming the district court's grant of costs pursuant to Rule 41(d) in light of appellants' dismissal and refiling of suit not having a proper purpose and constituting forum shopping where attorney "has a track record of "engag[ing] in brazen delay tactics and judge-shopping by voluntarily dismissing actions only to turn around and refile them again immediately afterwards."). Therefore, the Court finds good reason for the prior dismissal and will not award costs pursuant to Rule 41(d).

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Pauline Stricker Wyss' Motion for Hearing is **DENIED** and Motion to Remand (Doc. 6) is **GRANTED**. This case is **REMANDED** to the Circuit Court of Phelps County, Missouri. A separate order of remand will accompany this order.

**IT IS FURTHER ORDERED** that Defendant Wendy H. Kowalik's Rule 41(d) Motion (Doc. 15) is **DENIED, without prejudice, as moot** and Amended Rule 41(d) Motion (Doc. 17) is **DENIED**.

Dated this 11th day of April, 2019.

          /s/ Noelle C. Collins
          NOELLE C. COLLINS
          UNITED STATES MAGISTRATE JUDGE